IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| EDWIN DEE DENNIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:05-cv-653-WHA-SRW |
| | ) |
| LEE COUNTY JAIL | ) |
| ADMINISTRATION, et al., | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF JAMES A. EASON

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared JAMES A. EASON, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is James A. Eason. I am over the age of nineteen and competent to execute this affidavit. I am employed by the Lee County Sheriff's Department and have worked at the Lee County Detention Facility for over two years. I am a Corrections Specialist/Mental Health Officer for the Sheriff's Department. I have received a Bachelor of Science in Physiology and a Masters Degree in Counseling and Counseling Psychology/Rehab Counseling from Auburn University. I am a certified Rehabilitation Counselor, a Certified Vocational Evaluator and a licensed Counselor.

2. Prior to coming to the Lee County Sheriff's Department I worked with the East Alabama Mental Health Center for two years, and in so doing I worked with both the Lee County

and Opelika City Jail inmates. I also worked at Mount Meigs Youth Detention Facility in 1996. Thus, I have an extensive background in counseling of incarcerated persons.

3. I am familiar with the Plaintiff in the matter, Edwin D. Dennis, Jr., due to the fact that I have met with him based on his request for mental health care. I am not familiar with the Plaintiff's allegations concerning the cleanliness of his jail cell or any problems with his mail.

4. It is the policy and procedure of the Lee County Detention Facility to provide prompt medical and/or mental health attention when it is requested, either verbally or in a written inmate request form, by an inmate. Whenever a request for any kind of mental health treatment is made by an inmate, such a request is forwarded to me and I will see the inmate in my office. First, I conduct a mental health screening of the inmate, in which I look for serious mental illness, such as Major Depressive Disorder, a Bipolar Disorder or Schizophrenia. This is done initially because the Mental Health Center will not accept as a patient anyone who is not suffering from a "serious mental illness," such as described above.

5. Therefore, when an inmate complains of or exhibits signs of a mere "adjustment disorder," rather that serious mental illness, they are not transferred to or placed on the Mental Health Center list to be seen by a Psychiatrist at the Mental Health Center. An adjustment disorder, which is the issue with most inmates, is situational. That is, the inmate was fine in the free world and will be okay once out of jail, but is merely depressed because of their situation (i.e., being locked in jail). I do not send inmates with an adjustment disorder to the Mental Health Center. This decision is based on my knowledge and experience from working with both East Alabama Mental Health Center and incarcerated persons.

6. When meeting with an inmate regarding mental health issues, if the inmates states that he is under the care of mental health, I will call to confirm that the inmate is an active patient. If the inmate is an active patient and is on medication, I will obtain the next available appointment for the inmate to go to the Mental Health Center to be seen by Dr. Reddy. If an inmate is an active patient (which means they have been seen by a Mental Health Counselor within the past 90 days) but is not taking medication, the inmate will not be sent to Mental Health as the only reason they would go is to see a therapist, and I am a qualified therapist/counselor. Furthermore, I am more readily available and accessible to the inmates than if they were to have to obtain an appointment for a therapist at the Mental Health Center. Therefore, the only reason to send an inmate to the Mental Health Center is to be seen by the Psychiatrist for a serious mental illness or for medication. Neither instance applied to the Plaintiff.

7. The first time I met with the Plaintiff was on March 15, 2005, when he stated that he experienced increased anxiety since being incarcerated and that he had two anxiety attacks. The Plaintiff stated that he could not sleep and needed Prozac. Dennis informed me that he had been prescribed Prozac by Dr. Reddy at East Alabama Mental Health; thus, I contacted the Mental Health Center and was informed that this case was inactive as he had last been assessed by Dr. Reddy over two years earlier, on January 14, 2003. Further, the Plaintiff had failed to do any follow up with East Alabama Mental Health from the time he was released from his previous incarceration, on November 7, 2004, to the time he was arrested for the present incarceration, February 22, 2005. Further, I noted that the "inmate does not meet SMI (Serious Mental Illness) at this time that would warrant further access based on his reported symptomology." I also noted that I would inform the nursing staff of his sleeplessness and that I would continue to follow up with the inmate as needed.

8. Therefore, at no time was Mr. Dennis refused mental health treatment. Further, contrary to the Plaintiff's claim that his own record would be with the County Mental Health as being diagnosed with depression, based on my contact with East Alabama Mental Health Center he had not even been to the Center in over two years and was not an active patient.

9. I swear, to the best of my present knowledge, information, and belief, that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
James A. Eason

SWORN TO and SUBSCRIBED before me this ___ day of September, 2005.

_____
NOTARY PUBLIC
My Commission Expires: _____

My Commission Expires 4/2007

4