IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| EDWIN DEE DENNIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:05-cv-653-WHA-SRW |
| | ) |
| LEE COUNTY JAIL | ) |
| ADMINISTRATION, et al., | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF CARY TORBERT, JR.

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared CARY TORBERT, JR., who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Cary Torbert, Jr. I am over the age of nineteen and competent to execute this affidavit. I serve as Chief Deputy of Corrections of the Lee County Detention Facility and have obtained the rank of Major. I have worked with the Lee County Sheriff's Department for over 32 years.

2. I am familiar with the Plaintiff, Edwin Dee Dennis, Jr., due to his incarceration in the Lee County Detention Facility. I do not, however, have any personal knowledge of the allegations made the basis of his Complaint. The Plaintiff's inmate jail file does not contain any written request or grievance concerning any of the allegations made by the Plaintiff in his Complaint.

3. It is the policy of the Lee County Detention Facility to conduct a mail run every weekday, Monday through Friday, except for holidays, such that inmates can receive outside mail. All mail comes to the Detention Facility from the Sheriff's Department office, which receives the mail around noon. A clerk from the Sheriff's Department sorts the mail, separating the Sheriff's Department's mail from the Detention Facility's mail. A clerk from the Detention Facility then picks up the mail and sorts the inmate mail from jail administration mail. Generally, Deana Black, the Law Enforcement Record Coordinator, handles the gathering, sorting and inspection of all mail. Ms. Black has worked in this position for five years.

4. After sorting, the clerk inspects inmate mail for contraband or money. Only non-legal mail is opened by the clerk during such an inspection. Legal mail remains sealed and is only opened in front of the inmate if it is suspected to contain contraband. All contraband items removed from inmate mail are placed in the inmate's personal property. Likewise, any money sent to the inmate through the mail is removed and placed into the inmate's money account. If the Plaintiff received legal mail that was opened, it was done so by mistake only. No grievance was filed by the Plaintiff regarding receiving legal mail that was opened.

5. There is one shower per cell block for inmate use. However, the Plaintiff's claim that the shower is not clean, because of mold, is baseless. Cleaning supplies are provided on a daily basis to each cell block by trustees, as correctional officers supervise. The cleaning supplies provided by the trustees include scouring pads, scrub brushes and bleach. These cleaning supplies are passed out each morning after breakfast, medication distribution and head count, generally around 8:00 a.m. Although cleaning supplies are passed out each morning to every inmate for the cleaning of the cell block, an inmate may request at any time throughout the day to receive cleaning supplies and they will be provided.

6. In addition to the daily cleaning to be performed by every inmate in the cell block, one time per week a disinfectant solution is provided to the inmates for the washing of walls and the entire cell block, not just the common areas (tables, floors, commode and shower) that is done on a daily basis. Further, one time per month a special solution for the prevention of mildew is provided to inmates for a thorough cleaning of the entire cell. Also, a high-powered steam cleaning sanitation machine is used around showers and commodes at least one time per month if the Nurses feel it is needed as a health precaution (e.g. flu season).

7. With regard to the Plaintiff's complaint of overcrowding, at times it is necessary – due to classification concerns for the separation of felons and misdemeanants and pre-trial detainees, movement of the inmates due to known enemies, separation of multiple defendants prior to trial and other concerns – that a cell may have additional inmates. The Plaintiff was housed in the F-wing, which has twelve bunks per cell block, with six cell blocks. As the F-wing generally houses misdemeanants and pre-trial detainees, there are times that more than twelve men were housed in one of the F-wing cell blocks. In such instances, the additional inmates were provided mattresses, bedding linens, and blankets for sleeping.

8. Over one year ago, cots were ordered such that during times of housing additional inmates in the cell block, their mattresses could be placed on the cots rather than the floor. Never has an inmate had to sleep on the floor that he was not provided with a mattress and bedding linens. According to the Plaintiff's inmate file, never has he made any complaint, prior to the time of the filing of this lawsuit, about overcrowding or his sleeping arrangement.

9. I have never received an inmate request form, grievance form, or any verbal comment about the Plaintiff's need for mental health treatment or his alleged denial of the same.

Had a request, verbal or written, or a grievance been made known to me, I would have investigated the matter and forwarded the request to the appropriate personnel.

10. Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Department that inmates are permitted to submit grievances and that each grievance will be acted upon. The inmates are given an Inmate Grievance Form to complete and return to a Lee County Detention Facility staff member for any grievances they may have. At no time, however, did the Plaintiff file any grievances concerning any of the claims made in his Complaint. Had such a grievance been filed, it would have been acted upon accordingly, (that is, whether an investigation was needed or simply a response made to the complaints). Further, never did I receive any written request form from the Plaintiff concerning any of these matters. Had the Plaintiff made a request concerning these matters there also would have been a response made to such complaints on the written request form. No such request can be found in the Plaintiff's inmate file.

11. All documents attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business. I am the custodian of these records.

12. I swear, to the best of my present knowledge, information, and belief, that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
Cary Torbert, Jr.

SWORN TO and SUBSCRIBED before me this 23 day of September, 2005.

_____
NOTARY PUBLIC
My Commission Expires: _____

4