IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDWIN DEE DENNIS, JR. | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 3:05-CV-653-A |
| LEE COUNTY JAIL ADMINISTRATIONS, *et al.*, | * |
| | * |
| Defendants. | |

**ORDER**

The Magistrate Judge has reviewed the answer, written report, and supporting evidentiary materials filed by Defendants and determined that Plaintiff should file a response addressing Defendants' assertion that he has failed to exhaust available administrative remedies. Accordingly, it is

ORDERED that within fifteen (15) days of the filing date of this order Plaintiff shall file a response to Defendants' written report which demonstrates why this case should not be dismissed for his failure to properly exhaust available administrative remedies as required by the provisions of 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA").[1] *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("Congress has provided in §

---

[1] This section provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Plaintiff is cautioned that if he fails to file a response to this order the undersigned will recommend that this case be dismissed.

DONE, this 28th day of September, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

Defendants assert that Plaintiff has failed to pursue the administrative remedies available to him at the Lee County Detention Center with respect to the claims presented in the instant complaint. (Doc. No. 10, pg.14.) Defendants also assert that Plaintiff likewise has a remedy before the State Board of Adjustment. (*Id.*, pg.+ 15.)